**UNITED STATES STEEL CORPORATION,
Plaintiff-in-Error,**

v.

**Jesse HAAG and Thomas A. Wiseman, Jr.,
Treasurer of the State of Tennessee,
etc., Defendants-in-Error.**

Supreme Court of Tennessee.

Feb. 20, 1973.

Wheeler A. Rosenbalm, Knoxville, for plaintiff in error.

O. D. Bridges, Jefferson City, David M. Pack, Atty. Gen., State of Tennessee, C. Hayes Cooney, Asst. Atty. Gen., Nashville, for defendant in error.

### MEMORANDUM AND ORDER

#### PER CURIAM.

This is a Workmen's Compensation case in which the sole issue is whether or not the defendant-in-error Haag, who is admittedly, at this time, totally and permanently disabled, is in this condition as the result of an accidental injury which aggravated a preexisting condition or as the result of a progressive degeneration of his back from causes not related to an accident. Ignoring the medical evidence on this issue the trial court held on the basis of the testimony of the defendant-in-error Haag and lay witnesses that Haag had, by his accident, aggravated his preexisting injury, and had been totally and permanently disabled thereby. The medical evidence was not evaluated by the trial judge, and no consideration was given to it in arriving at the judgment.

 Since it is the settled rule that, although lay testimony, including that of the claimant, is of probative value in compensation proceedings, as to the existence of pain, capacity to work, etc., Fidelity & Casualty Co. of New York v. Treadwell, 212 Tenn. 1, 367 S.W.2d 470 (1963), it is the settled rule that the question whether or not an industrial accident aggravated an employee's previously existing condition to the point of producing a permanent disability is a complicated medical question carrying the finder of fact into a realm properly within the province of medical experts. Tibbals Floor Co. v. Stanfill, 219 Tenn. 498, 410 S.W.2d 892, and cases cited therein.

 Being of opinion the Haag suit should not be dismissed under this rule just

mentioned, but, that the medical evidence should be evaluated to determine this issue, and being of the further opinion that this is an issue which must first be decided by the trial court, the evidence thereon not presenting simply a question of law as to its sufficiency, the case is remanded to the trial court with the hope and expectation that the medical evidence, together with that of the defendant-in-error and his lay witnesses will be fairly and lawfully weighed and examined, both with respect to its admissibility and probative value, and judgment entered accordingly.

The case is remanded for further consideration in accordance with this Memorandum.